Filed 6/28/22  P. v. Holmes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094576 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F06126) |
| v. | |
| JESSICA HOLMES, | |
| Defendant and Appellant. | |

Defendant Jessica Holmes appeals the trial court's order denying her petition for resentencing under Penal Code section 1170.95 (unspecified statutory section citations that follow are to the Penal Code) based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).  Defendant contends the trial court erred by relying on the jury's special circumstance finding to deny the petition.  We affirm the trial court's order.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

On our own motion, we take judicial notice of the opinion deciding defendant's direct appeal to provide basic factual context. (Evid. Code, § 452, subd. (d).) Over the course of two weeks in 2005, defendant, along with codefendants Joseph Terrell Johnson and Corey Schroeder, "robbed or attempted to rob at least five gas stations in the Sacramento area." (*People v. Johnson et al.* (2010) 183 Cal.App.4th 253, 261.) In one of the attempts, Johnson shot and killed the victim, a gas station employee. (*Id.* at pp. 267-269.) A jury found defendant guilty of murder (§ 187, subd. (a)), attempted robbery (§§ 211, 664), and found true an allegation that the murder occurred in the commission of the attempted robbery (§ 190.2, subd. (a)(17)). The jury also found defendant guilty of three other counts of robbery and one count of attempted robbery, and found true firearm enhancement allegations as to all counts (§ 12022, subd. (a)(1)). On appeal, we affirmed the convictions, modified defendant's custody credits, and corrected the abstract of judgment. (*Johnson et al.*, at p. 301.)

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95. On the form, she checked various boxes stating that a complaint was filed against her that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that at trial she was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and that she could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. Defendant also checked the boxes stating that she was not the actual killer, did not aid or abet with the intent to kill, and was not a major participant in the felony or acted with reckless indifference to human life. The petition also attached points and authorities discussing the factual background of defendant's case and arguing she was not a major participant in the underlying felony and did not act with reckless indifference to human

2

life under the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). Also attached were several documents from defendant's record of conviction, such as a copy of the direct appeal opinion, reporter's transcripts from various parts of her trial, and jury verdict forms. The parties filed briefing.

The trial court denied the petition in a written order. Noting that the jury was instructed on the special circumstance allegations using CALCRIM No. 703, the court observed that "to find the attempted-robbery-murder special circumstance true it must find the defendant was the actual killer, or acted with intent to kill, or was a major participant in the robbery who acted with reckless indifference to human life." The court recited an excerpt from the direct appeal opinion, and noted that the special circumstance finding was made before the *Banks* and *Clark* opinions had been issued. Explaining that there was currently a split in case law as to whether a defendant could challenge a pre-*Banks*/*Clark* special circumstance finding with a section 1170.95 petition, the court determined defendant was required to seek relief in a habeas corpus proceeding before obtaining section 1170.95 relief. The trial court stated it was unclear whether the facts of defendant's case, as it recalled them, would survive review under the *Banks*/*Clark* standard, but that the statutory language of section 1170.95 and the case law interpreting that language made clear that defendant would need to seek such relief in habeas corpus. The court thus denied the petition without prejudice to refile if defendant could later obtain habeas relief.

## DISCUSSION

Defendant argues the trial court was incorrect that she is required to seek habeas relief before she can be eligible for resentencing under section 1170.95. She contends the trial court erred in summarily denying defendant's petition on the special circumstance finding because, in *Banks* and *Clark*, which were decided after her trial, our Supreme

3

Court modified the analysis for "major participant" and "reckless indifference to human life." Thus, the special circumstance finding should not have made her ineligible for relief. She further argues that, based on the amendments to section 1170.95 made by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775), the trial court's decision was incorrect to the extent it relied on the direct appeal opinion to reach its conclusion.

I

*Senate Bill 1437 and Special Circumstance Finding*

Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1170.95 to provide a resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences doctrine . . . ." (§ 1170.95, subd. (a).) Senate Bill 775 later amended section 1170.95, effective January 1, 2022. (Stats. 2021, ch. 551, § 2.) Section 1170.95 includes a prima facie determination. Under subdivision (c), as amended, the trial court must receive briefing from the parties and "determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the

4

petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).) To make this prima facie determination, courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*People v. Lewis* (2021) 11 Cal.5th 952, 970.) If the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include attempted robbery, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.) Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill 1437. (§ 189, subd. (e).)

That is the case here. The jury necessarily found defendant was, at a minimum, a major participant who acted with reckless indifference to human life. This means defendant could still be found guilty of felony murder even after Senate Bill 1437, rendering her ineligible for resentencing as a matter of law. And as the instructions and verdicts are part of the record of conviction, the trial court could properly rely on these to deny defendant's section 1170.95 petition.

## II

### *Special Circumstance Finding after* Banks *and* Clark

Since defendant's conviction, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark* and "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, abrogated on another ground by *People v. Lewis* (2021) 11 Cal.5th 952, 963.) In some cases, defendants convicted prior to *Banks* and *Clark* have subsequently had their special circumstance findings reversed for insufficient evidence under the modified analysis. (See, e.g., *In re Scoggins* (2020) 9 Cal.5th 667, 683.) A reversal of a special circumstance finding can qualify a defendant for resentencing under Senate Bill 1437 through section 1170.95. (See *People v. Ramirez* (2019) 41 Cal.App.5th 923 [where appellate court had previously determined on a habeas petition that the defendant was not a major participant in the underlying felony and did not act with reckless indifference to human life, the trial court was required to vacate the defendant's murder conviction and resentence him under § 1170.95].)

As the parties note, there is currently a split of authority on whether a defendant with a special circumstance finding must first seek relief under *Banks/Clark* through a habeas petition before filing a section 1170.95 petition. (Compare *People v. Gomez* (2020) 52 Cal.App.5th 1, 17 (*Gomez*) [defendants seeking relief on the basis of *Banks/Clark* must do so through habeas corpus], review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142-1143 [same] with *People v. York* (2020) 54 Cal.App.5th 250, 260 ["We part ways with *Galvan* and *Gomez* because we do not agree that section 1170.95 requires a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or she may

6

successfully challenge the underlying murder conviction in a section 1170.95 proceeding"], review granted Nov. 18, 2020, S264954.)

Defendant recognizes the cases that disagree with her position, but asks us to follow contrary case law that instead finds a *Banks/Clark* challenge can be brought in a section 1170.95 petition. We decline to do so.

We instead agree with those authorities finding section 1170.95 is not the appropriate avenue to challenge a special circumstance finding under *Banks* and *Clark*. (See *Gomez, supra*, 52 Cal.App.5th at p. 17, review granted; *People v. Galvan, supra*, 52 Cal.App.5th at pp. 1142-1143; *People v. Allison* (2020) 55 Cal.App.5th 449, 458-462 (*Allison*); *People v. Jones* (2020) 56 Cal.App.5th 474, 485, review granted Jan. 27, 2021, S265854.)

The purpose of section 1170.95 is to permit resentencing for individuals who could not now be convicted under sections 188 and 189 *because of* Senate Bill 1437. (Stats. 2018, ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant" where "the defendant could not be charged with murder after the enactment of this bill"].) One of the three initial conditions for section 1170.95 to apply is "[t]he petitioner could not presently be convicted of murder . . . *because of changes to Section 188 or 189* made effective January 1, 2019." (§ 1170.95, subd. (a)(3), italics added.) Defendants who are potentially eligible for relief because of the modified special circumstances analysis do not satisfy this initial hurdle because they would have been able to seek relief via a habeas petition regardless of Senate Bill 1437. (See *In re Miller* (2017) 14 Cal.App.5th 960, 976-977, 980 [granting a habeas corpus petition before passage of Senate Bill 1437 after finding insufficient evidence supported special circumstance finding under *Banks* and *Clark*].)

Permitting a *Banks/Clark* review by way of a section 1170.95 petition also would shift the burden from the defendant under a substantial evidence review (as in a habeas petition challenging the sufficiency of the evidence) to the prosecutor under a beyond-a-

reasonable-doubt standard (as in a section 1170.95 hearing). (See *Gomez, supra*, 52 Cal.App.5th at p. 17, review granted.) Further, there is an indication in the statutory text that the Legislature assumed a defendant first would seek relief in a habeas petition. Section 1170.95, subdivision (d)(2) provides in pertinent part: "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." This provision requires trial courts to grant a section 1170.95 petition if a court has reversed a special circumstance finding under *Banks* and *Clark*. (*People v. Ramirez, supra*, 41 Cal.App.5th at p. 933.)

Defendant relies on *People v. Secrease* (2021) 63 Cal.App.5th 231, 253, review granted June 30, 2021, S268862, and argues there is "no basis to graft what is, in effect, an exhaustion requirement onto section 1170.95, thereby forcing petitioners with felony-murder special-circumstance findings to obtain habeas corpus relief first." In the *Secrease* court's view, "where a petitioner facing a felony-murder special-circumstance finding has never been afforded a *Banks* and *Clark* sufficiency-of-the-evidence review—by any court, at the trial or appellate level—section 1170.95 courts have an obligation to undertake such an analysis at the prima facie entitlement-to-relief stage of a resentencing proceeding under subdivision (c) of the statute." (*Id.* at p. 255, review granted.)

This process unnaturally grafts habeas-like relief onto section 1170.95 unsupported by any statutory language and runs counter to the purpose of the provision: to provide relief for those eligible for resentencing because of legislative changes to the murder statutes, not judicial interpretations to the special circumstance analysis. We must assume the Legislature was aware of *Banks* and *Clark* when it passed Senate Bill 1437. (*People v. Harrison* (1989) 48 Cal.3d 321, 329 ["The Legislature, of course, is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof"].) Yet it made no mention in the statute of performing a "sufficiency-of-the-evidence review" for a special circumstance finding to

8

address *Banks* and *Clark*. We refuse to bend the statutory language to support such an interpretation.

Banks* and *Clark* also did not change the law, but merely clarified the same principles that existed earlier. (See *Allison, supra*, 55 Cal.App.5th at p. 457; see also *In re Miller, supra*, 14 Cal.App.5th at p. 978.) The pattern jury instructions remain the same; *Banks* and *Clark* merely resulted in the addition of optional language thereto. (*Allison*, at p. 458.) We conclude, therefore, a section 1170.95 petition is not the proper avenue to challenge a special circumstance finding. And since defendant's special circumstance finding was not previously overturned through a habeas corpus proceeding, the trial court here properly denied defendant's section 1170.95 petition.

Finally, defendant argues Senate Bill 775 amended section 1170.95 to limit "a superior court's reliance on the prior appellate opinion to consideration of 'the procedural history of the case recited in any prior appellate opinion.' (Stats. 2021, ch. 551, § 2 [amended § 1170.95, subd. (d)(3)].)" Thus, "[t]o the extent the superior court relied on the prior opinion in the case to support its ruling," the trial court erred.

The trial court's conclusion did not rely on the prior appellate opinion, however; it rested on the relevant jury instructions and jury verdict from defendant's trial, both of which were part of the record of conviction. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677, review granted Feb. 24, 2021, S266336, review dismissed Dec. 1, 2021.) To the extent the trial court's analysis went beyond its authority to consider the appellate opinion under Senate Bill 775, its initial reliance on the special circumstance finding by itself was appropriate to justify the denial of the petition, and we will affirm a judgment correct on any legal basis. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 269 ["There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct"].)

9

## DISPOSITION

The trial court's denial of defendant's section 1170.95 petition is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
DUARTE, J.

_____
RENNER, J.